RICHARD A. HARRIS, ESQ.
Nevada Bar No. 505
KRISTINA WELLER, ESQ.
Nevada Bar No. 7975
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: kristina@richardharrislaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIONNE PRUITT, individually; BELINDA HILL, individually; DOROTHY HILL, individually<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES ANDERSON, an individual; UNITED STATES OF AMERICA ex rel UNITED STATES POSTAL SERVICE,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>*Jury Demanded* |

Plaintiffs, DIONNE PRUITT, BELINDA HILL, and DOROTHY HILL by and through their attorney of record, KRISTINA WELLER, ESQ. and RICHARD A. HARRIS, ESQ. of the RICHARD HARRIS LAW FIRM, hereby complains and alleges as follows:

**JURISDICTION**

1. This action is brought pursuant to the Federal Torts Claim Act, 28 U.S.C. § 2671.

2. Plaintiffs submitted administrative claims to the National Tort Center for the United States Postal Service for injuries sustained as a result of the motor vehicle collision in Las Vegas, Nevada.

3. Pursuant to the Federal Torts Claim Act, the United States Postal Service had six months to respond to Plaintiffs' administrative claim. The six-month deadline has lapsed, and the United States Postal Service has not responded.

Page 1 of 7

4. Venue is properly within the District of Nevada under 28 U.S.C. § 1402(b) as the acts complained of occurred in the District of Nevada.

5. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

## GENERAL ALLEGATIONS

6. At all times mentioned, Plaintiff, DIONNE PRUITT, was and is a resident of the State of TENNESSEE.

7. At all times mentioned, Plaintiff, BELINDA HILL, was and is a resident of the State of TENNESSEE.

8. At all times mentioned, Plaintiff, DOROTHY HILL, was and is a resident of the State of TENNESSEE.

9. Plaintiffs are informed and believe, and thereon alleges, that at all times relevant hereto, Defendant, CHARLES ANDERSON, was and is a resident of the State of Nevada.

10. The UNITED STATES OF AMERICA ex rel UNITED STATES POSTAL SERVICE (hereinafter USPS) is an appropriate Defendant under the Federal Torts Claim Act, and the action complained of occurred in Las Vegas, Nevada.

11. The true names of DOES I through X, their citizenship and capacities, whether individual, corporate associate, partnership or otherwise, are unknown to Plaintiffs who therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe, and therefore alleges, that each of the Defendants, designated as DOES I through X, are or may be, legally responsible for the events referred to in this action, and caused damages to the Plaintiffs, as herein alleged, and Plaintiffs will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

12. DOES I through III are employers of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the

injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

13. DOES IV through VI are immediate family members of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.440, which states:

Any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages.

14. Plaintiffs are further informed and believe, and on that basis alleges, that certain witnesses are known to Plaintiffs as witnesses. However, Plaintiffs do not yet know whether or not particular witnesses have culpability in this matter at this time. However, once Plaintiffs have determined the true culpability of one or more of the DOE Defendants, Plaintiffs will amend Plaintiffs' complaint to set forth facts and claims alleging the actual culpability and to substitute such witnesses for DOE Defendants.

15. At all times mentioned herein, Defendants, and each of them, were agents, servants, partners, and employees of each and every other Defendant and/or DOE Defendants and were acting within the course and scope of their agency, partnership or employment.

## FACTUAL ALLEGATIONS

16. On or about October 5, 2020, Plaintiff, DIONNE PRUITT was driving a 2019 Dodge Caravan northbound on the I-215.

17. Plaintiff DOROTHY HILL and Plaintiff BELINDA HILL were passengers in the 2019 Dodge Caravan driven by Plaintiff DIONNE PRUITT.

18. Upon information and belief, Defendant, CHARLES ANDERSON was driving a 2017 Ford E-Series traveling northbound on I-215 at the same time as Plaintiffs when he negligently made an unsafe lane change, side swiping the 2019 Dodge Caravan being driven by Plaintiff DIONNE PRUITT.



19. At all times relevant hereto, Defendant USPS was the employer of Defendant CHARLES ANDERSON.

20. Upon information and belief, the 2017 Ford E-Series driven by Defendant, CHARLES ANDERSON, was owned by Defendant USPS.

21. At all times relevant hereto, Defendant CHARLES ANDERSON was employed by Defendant USPS, was acting within the course and scope of his employment with Defendant USPS and was operating the vehicle with the knowledge and acquiescence of Defendant USPS.

22. As a direct result of the Defendant CHARLES ANDERSON's failure to drive in a reasonable and safe manner, Plaintiffs sustained physical injuries and damages, which may be permanent and disabling in nature.

23. As a result of the above-mentioned injuries, Plaintiffs have been required, and may yet be required to seek medical care and treatment.

24. As a result, Plaintiffs have experienced pain and suffering associated with physical injuries caused by the crash which has required medical treatment. These general damages are in excess of the current jurisdictional limit of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

25. That Plaintiff has been required to engage the services of an attorney, and accordingly, have incurred attorney's fees and costs to bring this action.

**FIRST CAUSE OF ACTION**
**(Negligence / Negligence Per Se against – All Defendants)**

26. Plaintiffs repeat and reallege each and every allegation set forth above as though each were set forth herein.

27. On or about October 5, 2020, Defendant CHARLES ANDERSON was driving a vehicle while in the employ of Defendant USPS.

28. On or about October 5, 2020, Defendant CHARLES ANDERSON was driving a vehicle owned by Defendant USPS.



29. At all times mentioned herein, Defendant CHARLES ANDERSON was acting within the course and scope of his employment with Defendant USPS, because he was operating the motor vehicle for his employer's benefit, during working hours.

30. Because Defendant CHARLES ANDERSON was acting within the course and scope of his employment with Defendant USPS, when the accident as stated herein occurred, Defendant USPS is vicariously liable, jointly and severally, for damages to Plaintiffs through the doctrine of respondeat superior.

31. Because Defendant CHARLES ANDERSON, was employed by USPS, and they were responsible for his conduct, Defendant, USPS, is liable for his negligent conduct under 28 U.S.C. § 1346(b)(1).

32. Defendant CHARLES ANDERSON owed a duty to operate the vehicle in a safe, reasonable, and prudent manner.

33. Defendant, CHARLES ANDERSON, had a duty to use due care in operating his vehicle.

34. Defendant, CHARLES ANDERSON, had a duty to pay full and proper attention to his surroundings and the driving conditions.

35. At all times relevant hereto, Defendant CHARLES ANDERSON's negligence and failure to operate his vehicle in a safe, reasonable, and prudent manner caused a collision between the vehicle he was operating, and Plaintiffs' vehicle directly and proximately resulted in injuries to Plaintiffs.

36. Defendant, CHARLES ANDERSON, breached his duty to Plaintiffs by not taking due care in operating his vehicle and by failing to yield to Plaintiffs' vehicle and making an unsafe lane change, in violation of NRS Chapter 484B et seq.

37. Defendant USPS by and through their agent and/or employee Defendant CHARLES ANDERSON, is liable for Plaintiffs' damages pursuant to 28 U.S.C. § 1346(b)(1).

38. DOE Defendants are liable for Plaintiffs' damages pursuant to 28 U.S.C. § 1346(b)(1), NRS 41.130 and/or NRS 41.440.



39. Defendant CHARLES ANDERSON, Defendant USPS, and/or DOE Defendants' negligence was the actual and proximate cause of injuries incurred by Plaintiffs, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

40. As a direct and proximate result of Defendant CHARLES ANDERSON, Defendant USPS, and/or DOE Defendants' negligent acts and omissions, Plaintiffs sustained injuries to their body and person, all of which are painful and debilitating, and which may be permanent, disabling in nature, and have caused and may continue to cause them all significant pain and suffering.

41. As a direct and proximate result of Defendant CHARLES ANDERSON, Defendant USPS, and/or DOE Defendants' negligent acts and omissions, Plaintiffs have been required, and may yet be required to seek additional medical care and treatment.

42. As a direct and proximate result of Defendant CHARLES ANDERSON, Defendant USPS, and/or DOE Defendants' negligent acts and omissions, Plaintiffs injuries have caused them, and may yet continue to cause them, to experience significant suffering.

43. As a direct and proximate result of Defendant CHARLES ANDERSON, Defendant USPS, and/or DOE Defendants' negligent acts and omissions, Plaintiffs suffered and continue to suffer harms, loss and damages, including, but not limited to, emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, physical injury, wage loss and medical expenses, all to their detriment, to be fully set forth and proven at trial, are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

44. As a direct and proximate result of Defendant CHARLES ANDERSON, Defendant USPS, and/or DOE Defendants' negligent acts and omissions as described herein, Plaintiffs have been required to retain the services of an attorney, and therefore, is entitled to recover reasonable attorney fees, costs of suit, and pre-and post-judgment interest, as applicable.

. . .

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for relief and judgment as against Defendants as follows:



1. General damages sustained by Plaintiffs in amount in excess of $75,000, according to proof at trial;
2. Special damages to be determined at the time of trial;
3. Medical and incidental expenses already incurred and to be incurred;
4. Past and future wage loss;
5. Interest at the statutory rate;
6. Costs of suit and attorney fees;
7. For such other and further relief as the court may deem appropriate; and
8. Demand for jury trial.

DATED: October 4, 2022.    **RICHARD HARRIS LAW FIRM**

    /s/ Kristina Weller
Kristina Weller, Esq.
Nevada Bar No. 7979
*Attorney for Plaintiffs*